UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


|                              |   |                      |
|------------------------------|---|----------------------|
| UNITED STATES OF AMERICA,    | : | NO. 1:09-CR-00093    |
|                              | : |                      |
|                              | : |                      |
| v.                           | : | **OPINION AND ORDER** |
|                              | : |                      |
|                              | : |                      |
| MICHAEL HARPER.              | : |                      |
|                              | : |                      |


This matter is before the Court on two sets of motions, first, Defendant's Motion for a New Trial (doc. 37), Defendant's Pro Se Motion for a New Trial (doc. 38), the government's Response in Opposition (doc. 42), and the parties' supplemental briefing (docs. 50, 54). Also before the Court is Defendant's Motion to Modify Conditions of Release on Bond (doc. 51), and the government's Response in Opposition (doc. 53). For the reasons indicated herein, the Court DENIES each of Defendant's motions.

## I. Background

The record shows that the State of Minnesota sentenced Defendant on January 3, 1990, for the offense of Criminal Sexual Conduct in the Third Degree. Defendant violated his probation, and was arrested for having done so, on June 19, 1999. The State of Minnesota found him guilty of probation violation and ordered Defendant to serve thirteen months, five days incarceration. On November 15, 1999, Defendant signed the "Minnesota Department of Public Safety, Bureau of Criminal Apprehension Notification and

Registration form - Minnesota Statute 243.166"(government Exhibit 2), which states "I understand that I must register for a period of ten years from the date that I was initially registered, or until my probation, supervised release, or conditional release expires, whichever comes later." However, Defendant also signed next to his name that he was signing under duress, forced to sign "in disregard to" Minnesota Statute § 243.05 Subsection (1)(4).

Defendant was released from Minnesota state prison on November 17, 1999. The record shows Defendant never registered as a sex offender from November 17, 1999, through April 12, 2009, the time charged in the indictment. Defendant is charged with having traveled in interstate commerce in the Southern District of Ohio, while knowingly failing to update a sex offender registration as required by the Sex Offender Registration and Notification Act (SORNA), 18 U.S.C. § 2250. Defendant has consistently taken the position that he did not know he had to register because Minnesota Statute 243.166 took effect on August 1, 1991, after he was found guilty for the underlying offense. He further argues he pled guilty to the underlying offense before there was any federal obligation to register as a sex offender.

The Court has also consistently rejected the theory that Defendant's theory correctly implicates ex post facto principles (docs. 17, 22, citing State of Minnesota v. Manning, 532 N.W. 2d 244 (Ct. App. Minn. 1995)(Section 243.166 is not punitive in nature

and therefore does not violate <u>ex</u> <u>post</u> <u>facto</u> laws).  Moreover, the Court found the government's position well-taken that the form Defendant signed in 1999 showed he was required to register up to at least November 15, 2009 (<u>Id</u>.).  After a three-day trial ending on October 1, 2009, a jury found Defendant guilty for having violated SORNA, 18 U.S.C. § 2250 (doc. 31).

## II.  Applicable Legal Standards

A motion for a new trial under Rule 33 of the Federal Rules of Criminal Procedure may only be granted "if the interests of justice so requires."  However, any motions for a new trial based on newly discovered evidence "are disfavored, and a trial court's determination that a new trial is not warranted will not be reversed absent a 'clear abuse of discretion.'" <u>United States v. Hawkins</u>, 969 F.2d 169, 175 (6th Cir. 1992)(<u>quoting</u> <u>United States v. O'Dell</u>, 805 F.2d 637, 640 (6th Cir. 1986).  A court may grant a new trial based on newly discovered evidence where Defendant shows 1) the new evidence was discovered after trial, 2) the evidence could not have been discovered earlier with due diligence, 3) the evidence is material and not merely cumulative or impeaching, and 4) the evidence would likely produce an acquittal.  <u>Id</u>.

## III.  Defendant's Motion for a New Trial

Defendant now challenges his trial's outcome, first based on the Court's refusal to allow the jury to view the Minnesota statute § 243.05, Subdivision 1(4)(1998) (doc. 37).  During the

proceedings, on September 30, 2009, the Court considered the jury's request for Minnesota Statute § 243.05, Subdivision 1(4), concluded the statute was irrelevant to the charge in the Indictment, that it would only confuse the jury, and instructed the jury to simply consult the jury instructions as provided by the Court.

Section 243.05 Subdivision 1(4) provides:

> Any new rule or policy change or change of rule or policy adopted by the commissioner of corrections which has the effect of postponing eligibility for parole has prospective effect only and applies only with respect to persons committing offenses after the effective date of the new rule or policy change.

Defendant argues because the evidence shows his citation to Section 243.05 next to his signature on government Exhibit 2, such evidence goes to his state of mind as to whether he knowingly violated 18 U.S.C. 2250 in failing to register as a sex offender. Because the jury saw Defendant's citation to Section 243.05 on government Exhibit 2, and because the Section was read in Court on cross examination of a government witness, Defendant argues it was only proper for the jury to consider such statute in its deliberations.

The government argues in response that the Court properly instructed the jury as to the applicable law, and the only connection between Section 243.05 and this case is the fact that Defendant scribbled the statute citation next to his signature on the Notification and Registration Form (doc. 42). The government further argues that its witness, Minnesota Department of Corrections Official, Loraine Lekander, testified that such section

4

was inapplicable to Defendant's case (Id.).  Moreover, contends the

government, Section 243.05 is not even part of the Minnesota Sex

Offender Registration Law, Minn. Stat. 243.166 (Id.).  As such, the

government contends the Court properly concluded that submitting a

copy of Section 243.05 would only confuse the jury as to the

applicable law (Id.).

The government further argues that Section 243.05 was not

relevant to the "knowingly" element of the offense, about which the

Court instructed the jury (Id.)[1]   The government argues it only

need prove "that the Defendant knew that he was not registering,

not that the Defendant knew he was violating the law by not

registering."  United States v. Stevens, 598 F.Supp. 2d 133 at 152

(D. Maine 2009).  Here, therefore, contends the government, it does

not matter whether Defendant disagreed with the state of Minnesota

and believed that he did not have to register, as the evidence at

trial showed that the state made a determination as to his duty to

register, and clearly notified him of such duty (Id.).

Having reviewed this matter, the Court does not find that

---

[1]On page 18 of the jury instructions, the Court stated, "As
to the third element, in order to convict the Defendant of this
charge, you must find that he knowingly failed to register as a
sex offender or failed to keep his registration current after
being convicted of a "sex offense." The term "knowingly" as used
in the Indictment and in these instructions, means that the
defendant acted intentionally and voluntarily, and not by
accident, mistake, or carelessness.  It is not necessary for the
Government to prove that the Defendant knew of the existence of
any particular federal law requiring that he register or keep his
registration current as a sex offender.

the interests of justice require Defendant a new trial, based on the theory that the Court should have allowed the jury to consider Minnesota Statute Section 243.05 Subdivision (1)(4). Such section pertains to changes in rules or policies adopted by the commissioner of corrections which have the effect of postponing eligibility for parole. Such section stands apart from the section that officials advised Defendant about in this matter, Minn. Stat. 243.166, which was adopted by the Minnesota legislature, and which the Minnesota Courts have found is nonpunitive in nature. Defendant's invocation of Section 243.05 on the form advising him he would have to register is nothing but an irrelevant distraction. The Court therefore finds the government's position well-taken in all respects, and stands by its previous conclusion that its instruction to the jury to decide the case based on the evidence presented and the law pertaining to SORNA detailed in the written instructions was correct.

Defendant next argues that he merits a new trial based on the Court's refusal to allow him, after closing arguments, to present additional arguments on the evidence (doc. 37). Specifically he desired to signal to the jury that Government's Exhibit 1, his Probation Revocation Judgment, shows the sentencing judge did not check a box ordering him to "register as a sex offender" (Id.). The government responds that the Probation Revocation Judgment did indeed go before the jury, that Defendant's

6

counsel argued that no judge ever ordered Defendant to register as a sex offender, such that any additional argument would have been unnecessary and superfluous (doc. 42). Moreover, signals the government, the Court should not reopen arguments after the closing arguments and the final jury instructions have been completed, as such action would interrupt an orderly close of trial per the rules of procedure (Id.).

The Court agrees with the government that the jury had the Probation Revocation Judgment as Government Exhibit 1, which was admitted as evidence for the jury's deliberations. The Court finds therefore no basis in Defendant's argument that its refusal to allow additional argument after closing arguments justifies a new trial.

Finally, Defendant raises additional arguments in his parallel pro se motion, which the Court need not even consider under United States v. Howton, 260 F.Appx. 813, 819 (6th Cir. 2008)("We decline to address [the defendant's pro se] arguments because [the defendant] was represented by counsel in this matter). However even if the Court would address such claims, they are meritless: what Defendant proffers as "newly discovered evidence" cannot constitute as such, because it was not discovered after the trial, and it actually was considered by the jury. United States v. Hawkins, 969 F.2d 169, 175 (6th Cir. 1992). The Court has further already rejected Defendant's arguments based on

retroactivity.

## IV.  The Parties' Supplemental Briefing

        Prior to rendering its ruling on Defendant's Motion for

a New Trial, the Court found it appropriate to request briefing

from the parties on United States v. Cain, 583 F.3d 408 (6th Cir.

2009) and United States v. Dixon, 551 F.3d 578 (7th Cir.

2008)(certiori granted by Carr. v United States, 2009 U.S. LEXIS

5151 (U.S. Sept. 30, 2009)).  Having reviewed the briefing and

these authorities, the Court agrees with the government that they

are not on point with the matter at hand.  Each of the Defendants

in Dixon and Cain traveled in interstate commerce prior to SORNA's

enactment and failed to register in the respective states where

they moved prior to SORNA's enactment.  These facts do not apply to

Defendant Harper, who violated SORNA in 2009.

        In addition, the court finds Defendant's reading of Cain

inaccurate and overreaching regarding the effect of the Attorney

General's compliance with the Administrative Procedure Act ("APA").

Defendant argues "because SORNA does not apply to individuals

convicted of a sex offense prior to SORNA's enactment without a

proper regulation from the Attorney General, and because of the

failure to comply with the APA, there is no valid regulation, Mr.

Harper's conviction must be dismissed" (doc. 54).  The government

correctly signals that the Cain court expressly stated that it

"took no position on whether a conviction based on a failure to

register after the close of the comment period would be invalid,"
(as is the case of Defendant Harper). 583 F. 3d 408 at 423 fn.6.
Defendant's reading of <u>Cain</u> would effectively gut the enforcement
of SORNA, a result the Court finds incorrect.

In short, the Court finds nothing in these two
authorities that justifies a new trial in this matter. Of course,
should the Supreme Court's ultimate decision in <u>Carr</u> require action
in this matter, the Court will act accordingly upon remand.

## V.   Defendant's Motion to Modify Conditions of Release on Bond

Defendant also seeks a modification of his current bond
so as to permit him to have a curfew from 8 A.M. to 8 P.M. in which
he can leave his residence, if he chooses, to purchase food and
supplies, obtain medical treatment, visit with family members,
obtain books and movies, and exercise (doc. 51).  The government
opposes such motion as Defendant is currently on home detention,
with electronic monitoring, and is already permitted to leave his
home for medical visits and to go shopping (doc. 53).  As such, the
government argues, there is no reason to modify his current
conditions (<u>Id</u>.).

The government further signals that while the Defendant
did appear at the Hamilton County Sheriff's Office to register as
a sex offender, as ordered by this Court as a condition of his
release, his actions at the Sheriff's office showed a disrespect
for the law (<u>Id</u>.).  According to the government, when given a copy

of the registration, Defendant "crumpled it up and threw it in the garbage," and placed a phone call to the Probation Office after the Initial Presentence Report was transmitted, stating that he was not required to register (Id.).

Having reviewed this matter, the Court finds no basis to modify the conditions of Defendant's release.  Further, the Court is unimpressed by Defendant's recalcitrance, which does not serve to show that he is taking the law or the jury verdict against him seriously.  Accordingly the Court denies Defendant's motion (doc. 51).

## VI.  Conclusion

For the reasons indicated herein, the Court DENIES Defendant's Motion for a New Trial (doc. 37), DENIES Defendant's Pro Se Motion for a New Trial (doc. 38), and DENIES Defendant's Motion to Modify Conditions of Release on Bond (doc. 51).  As a final matter, the Court INSTRUCTS Defendant that as he is represented by counsel, the Clerk is directed to accept no further pro se motions.  United States v. Howton, 260 F.Appx. 813, 819 (6th Cir. 2008), United States v. Martinez, Nos. 06-3882/4206 at p. 34 (6th Cir. December 1, 2009)(slip opinion).

SO ORDERED.

Dated: December 29, 2009        /s/ S. Arthur Spiegel

                                S. Arthur Spiegel
                                United States Senior District Judge